### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERRY V. LEAPHART** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 07-4919** |
| | : | |
| **AMERICAN FRIENDS SERVICE COMMITTEE** | : | |
| | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                   **October 22, 2008**

In this Title VII employment discrimination case, the plaintiff alleges that the defendant, American Friends Service Committee ("AFSC"), unlawfully discriminated and retaliated against him on account of his African-American race when it failed to hire and/or interview him for four positions within the organization: Director and Representative Quaker United Nations Office ("QUNO"); Director of Quaker Affairs; Associate Director Community Relations Unit; and Affirmative Action Director. AFSC contends that it is entitled to judgment as a matter of law on all of plaintiff's discrimination and retaliation claims because the plaintiff has neither made out a *prima facie* case nor established pretext on either claim. Additionally, AFSC argues that with respect to the first two positions, the plaintiff's claims are barred by the "ministerial exception" rooted in the First Amendment.

Because the defendant failed to raise the ministerial exception as an affirmative defense, it has been waived. In addition, even if it had not been waived, the exception does not apply to the positions that the plaintiff was seeking because they are not pastoral or ministerial in nature.

With respect to the claims of discrimination and retaliation, the plaintiff has established a *prima facie* case as to each, and has adduced enough evidence for a jury to reasonably infer that AFSC's articulated reasons for not hiring the plaintiff are pretextual. Therefore, summary judgment will be denied.

### Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In examining the motion, the court must view the facts in the light most favorable to the nonmovant and draw all reasonable inferences in his favor. *Hankins v. City of Philadelphia*, 189 F.3d 353, 363 (3d Cir. 1999). This standard is applied with "added rigor in employment discrimination cases, where intent and credibility are crucial issues." *Id.* (quoting *Stewart v. Rutgers, The State Univ.*, 120 F.3d 426, 431 (3d Cir. 1997)).

In an employment discrimination case, "the burden of persuasion on summary judgment remains unalterably with the employer as movant." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 362 (3d Cir. 2008) (citation omitted). Hence, the employer must persuade the court that even if all of the inferences that could reasonably be drawn from the evidentiary materials of record were viewed in the light most favorable to the plaintiff, no reasonable jury could find in the plaintiff's favor. *Id.*

Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment. *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996). Credibility determinations, the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

**The Ministerial Exception**

The ministerial exception, which bars claims that involve a religious institution's selection of clergy, is an affirmative defense, which must be asserted in a party's responsive pleading. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302, 304, 305 n. 8 (3d Cir. 2006) ("assertion of the ministerial exception . . . is akin to a government official's defense of qualified immunity"); Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."); 5 Wright & Miller, *Federal Practice and Procedure* § 1271 (3d ed. 2008) (an assertion raising facts and arguments outside the plaintiff's *prima facie* case which, if proven, defeat the plaintiff's claim, even if the allegations in his complaint are true, is an avoidance or affirmative defense.). A defendant's failure to plead an affirmative defense in its answer or in a Rule 12(b)(6) motion results in waiver of the defense, particularly if allowing its assertion would unfairly surprise and prejudice the plaintiff. 2 James Wm. Moore, *Moore's Federal Practice* ¶ 8.08[3] (3d ed. 2006); *Elliot & Franz, Inc. v. Ingersoll-Rand Co.*, 457 F.3d 312, 321 (3d Cir. 2006). Here, the AFSC did not assert the ministerial exception as an affirmative defense, raising it for the first time in its summary judgment motion. Therefore, it has been waived.

Even if the defense had not been waived, the ministerial exception does not apply to the positions that the plaintiff was seeking. In *Petruska*, which involved a Title VII discrimination claim for wrongful termination brought by a chaplain at a Catholic university, the Third Circuit adopted the exception and held that it barred any claim where its resolution would limit a religious institution's right to choose a minister to perform particular spiritual functions. 462 F.3d at 305 and n.8. Although the court took a functional approach to determine when an employee should be considered a "minister," it defined a minister as

someone with the "*primary* duties [of] teaching, spreading the faith, church governance, supervision of a religious order, or supervision of participation in religious ritual or worship." *Id.* at 304 n.6 (emphasis added). Here, neither the Director of the QUNO nor the Director of Quaker Affairs position is pastoral or ministerial in nature. Those who hold these positions do not have primary duties involving religious ritual or worship. They do not perform spiritual functions. Thus, based on the functional approach taken by the court in *Petruska*, the ministerial exception does not apply to this case.

### Employment Discrimination

Employment discrimination actions brought under Title VII are governed by the three-step *McDonnell Douglas-Burdine* burden-shifting standard. *C.A.R.S. Protection Plus, Inc.*, 527 F.3d at 364; *Stewart v. Rutgers, The State Univ.*, 120 F.3d 426, 431-32 (3d Cir. 1997) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this analysis, the plaintiff must first present enough evidence to make out a *prima facie* case. If he does, at the second step, the employer must produce evidence of a legitimate, nondiscriminatory reason for the adverse employment action. At the third step, the plaintiff must show that the employer's proffered reason for taking the adverse action was merely a pretext for the real reason behind the adverse action, namely discrimination. *Stewart*, 120 F.3d at 432-33; *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).

To make out a *prima facie* case of discrimination, the plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the job; (3) he was not hired; and (4) nonmembers of the protected class were treated more favorably, or circumstances give rise to an inference of discrimination. *Stewart*, 120 F.3d at 432-33.

Establishing a *prima facie* case of discrimination under Title VII is not onerous and "poses a burden easily met." *C.A.R.S. Protection Plus*, 527 F.3d at 365 (citing *Burdine*, 450 U.S. at 253). *See also Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006) ("[T]here is a low bar for establishing a *prima facie* case of employment discrimination."); *Marzano v. Computer Sci. Corp.*, 91 F.3d 497, 508 (3d Cir. 1996) (stating that the evidentiary burden at this stage is "rather modest" because its purpose is to demonstrate that discrimination could have been a reason for the employer's action).

If the plaintiff presents enough evidence to make out a *prima facie* case, the employer must produce evidence of a legitimate, nondiscriminatory reason for the adverse employment action. If the employer produces such evidence, the plaintiff must show that the employer's proffered reason for taking the adverse action was merely a pretext for the real reason behind the adverse action, namely discrimination. *Stewart*, 120 F.3d at 432-33.

The plaintiff has established both a *prima facie* case and pretext for his discrimination claim. He has pointed to evidence that he was qualified for the Director and Representative QUNO position and that the Caucasian candidate AFSC hired, Robert Callard, was less qualified for the job. *See* Pl.'s Affirmation, ¶¶ 8-13 and Exs. 7, 9; Pl.'s Statement of Material Facts, ¶¶ 1-2. Although the defendant proffers a non-discriminatory explanation as to why it did not view plaintiff as qualified for the position and why it viewed Callard as more qualified than the plaintiff, it also submits a self-serving affidavit from Geraldine Sicola, the final decisionmaker, conclusorily stating that she did not discriminate against plaintiff on the basis of his race. *See* Pl.'s Ex. B-1, ¶ 16. Viewing the evidence

most favorably to the plaintiff, he has met his burden to show pretext by pointing to the following evidence: the defendant's understatement of his credentials in contrast with the defendant's overvaluing of Callard's similar credentials; a meeting he had with AFSC's General Secretary and a board member, where they admitted that Callard's background was antithetical to Quaker values and that Callard had not attained significant responsibility in his government job, and the defendant's failure to submit an affidavit from either of these representatives; and the defendant's post-litigation critique of plaintiff's submission of a timeline after it initially applauded his effort.  *See* Pl.'s Statement of Material Facts, ¶¶ 6, 7, 9-11, 13, 16, and Pl.'s Exs. 6, 16, B-1.  The plaintiff has adduced evidence that requires credibility determinations as to whether AFSC's stated reasons for hiring Callard and not plaintiff are pretextual.  Because credibility determinations are for the jury, summary judgment on the discrimination claim must be denied.

## Retaliation

To establish a *prima facie* case of retaliation, the plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action subsequent to the activity; and (3) there was a causal connection between the two.  *Woodson v. Scott Paper*, 109 F.3d 913, 920 (3d Cir. 1997).  Once the plaintiff makes out a *prima facie* case of retaliation, as in a discrimination claim, the burden shifts to the employer to proffer legitimate, non-retaliatory reasons for the action, and then back to the plaintiff to show that the employer's explanation is pretextual.

The plaintiff has established a *prima facie* case of retaliation.  He engaged in protected activity when he complained about race discrimination at his meeting with AFSC's General Secretary and board member on December 1, 2006, and on January 18,

2007, when he filed his first of several administrative complaints alleging discrimination. *See* Pl.'s Affirmation, ¶¶ 16-17.  Subsequently, he was not granted an interview for four positions for which he applied: the Director and Representative QUNO position, which became vacant, and three new positions.  For each position, the employer's stated explanation for not interviewing plaintiff was that his qualifications did not match or were not relevant to the requirements of the job.  Although each AFSC representative that was responsible for the hiring of each position had received an email from the plaintiff prior to or contemporaneously with the plaintiff's application in which he stated that he was African-American and that he had applied but was not selected for the Director and Representative QUNO position, each also stated that the plaintiff's race or the fact that he had applied for and been denied the Director and Representative QUNO position were not factors considered in his application.  Plaintiff has produced evidence of pretext as to the defendant's proffered non-retaliatory reasons for not interviewing and hiring him for these positions, including: the defendant's understatement of plaintiff's actual qualifications; the inaccurate assertion that plaintiff failed to submit a cover letter when he had; the claim of the person responsible for hiring the Director of Quaker Affairs position that she had reviewed the applications for the position before she became aware of plaintiff's rejection from the Director and Representative QUNO position; and the credentials of the second hire for the Director and Representative QUNO position were similar to plaintiff's.  *See* Pl.'s Statement of Material Facts, ¶¶ 6, 8, 12, 14 and Def.'s Exs. A-D, J.  All of these examples support an inference that the employer's stated reasons for declining plaintiff's applications for employment are pretextual.  Therefore, summary judgment on the retaliation claim is denied.

**Conclusion**

The plaintiff has adduced enough evidence to make out a *prima facie* case of discrimination and retaliation.  There is sufficient evidence from which a reasonable juror could infer that the reasons given by AFSC for not hiring him were pretextual.  Therefore, the motion for summary judgment will be denied.