**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JERRY V. LEAPHART,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **AMERICAN FRIENDS SERVICE** | : | |
| **COMMITTEE,** | : | |
| **Defendant.** | : | **NO.  07-4919** |

# Memorandum and Opinion

L. Felipe Restrepo                                             December 22, 2008
United States Magistrate Judge

Before the Court is Defendant, American Friends Service Committee's ("AFSC"),

Motion for Reconsideration of Judge Savage's order denying summary judgment dated 10/22/08

(Doc. No. 39); or, in the alternative, for leave to amend its Answer and the attached

Memorandum of Law in support thereof (Doc. No. 42).  Also before the Court is Plaintiff's

Memorandum of Law in opposition to the Motion for Reconsideration or for leave to amend the

Answer (Doc. No. 43), and Defendant's Reply Memorandum of Law (Doc. No. 45).  For the

reasons which follow, Defendant's Motion for Reconsideration; or, in the alternative, for leave to

amend its Answer is denied.


## A.  Motion for Reconsideration

In this employment discrimination case, Defendant requests that the Court reconsider

Judge Savage's order dated October 22, 2008 denying summary judgment.  Def.'s Mem. 2.

Defendant does not ask the Court to reconsider Judge Savage's finding that the ministerial

exception affirmative defense is inapplicable to the contested positions; rather, it requests that the

Court reconsider Judge Savage's holding that the defense was waived because Defendant failed to assert it "as an affirmative defense," and "rais[ed] it for the first time in its summary judgment motion." Id.; Leaphart v. American Friends Service Committee, 2008 WL 4682626, at *3 (E.D. Pa. Oct. 22, 2008) (Doc. No. 40).  Because there has been no showing that the Court made a manifest error of law or that manifest injustice will result from denial of the present Motion, the Court will not disturb Judge Savage's prior order.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Doe v. Allentown Sch. Dist., 2008 U.S. Dist. LEXIS 74513, at *4-5 (E.D. Pa. Sept. 26, 2008) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)).  In order to prevail, the moving party must "show[] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [original] motion . . . ; (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Doe, 2008 U.S. Dist. LEXIS 74513, at *5 (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); see Quinteros, 176 F.3d at 677 (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." Slagan v. John Whitman & Assoc., Inc., 1997 U.S. Dist. LEXIS 14910, at *1-2 (E.D. Pa. September 26, 1997) (quoting Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).  The moving party is not permitted to "submit evidence in support of a reconsideration motion that was available prior to the court's judgment." Peterson v. Brennan, 2004 U.S. Dist. LEXIS 11860, at *17 (E.D. Pa. June 15, 2004) (citing Smith v. City of Chester, 155 F.R.D. 95,

2

97 (E.D. Pa. 1994)).  Furthermore, it is not appropriate for the movant to "request that the court rethink a decision it has already made." Peterson, 2004 U.S. Dist. LEXIS 11860, at *17 (citing Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).

Defendant contends that reconsideration is necessary to correct a manifest error of law and to prevent manifest injustice.  Def.'s Reply Mem. 4.  Defendant relies on Petruska v. Gannon Univ., 462 F.3d 294 (3d Cir. 2006), to support the proposition that the ministerial exception affirmative defense "is one of failure to state a claim upon which relief may be granted."  Def.'s Mem. 3 (citing Petruska, 462 F.3d at 302-303).  Thus, Defendant argues that reconsideration is warranted because it asserted the affirmative defense of failure to state a claim upon which relief can be granted in general terms and raised the issue of the ministerial exception in its March 11, 2008 letter to the Court.  Def.'s Mem. 3-6; Ex. B (Doc. No. 42-5).  Judge Savage clearly considered the Petruska case in his Memorandum Opinion (Doc. No. 40).  See Leaphart, 2008 WL 4682626, at *3-4.  In his opinion, Judge Savage held that the defense was waived and also addressed its merits, reasoning that even if the defense was properly asserted it is inapplicable because, under Petruska, the positions at issue in this litigation were not "pastoral or ministerial in nature" due to the fact that "[t]hose who hold these positions do not have primary duties involving religious ritual or worship," and "do not perform spiritual functions."  Id. at *3-4 (citing Petruska, 462 F.3d at 305 and n.8, and 304 n. 6).

In Charpentier v. Godsil, 937 F.2d 859 (3d Cir. 1991), the Third Circuit noted that "[f]ailure to raise an affirmative defense by responsive pleading or by appropriate motion generally results in the waiver of that defense."  Id. at 863 (citations omitted).  However, waiver is not automatic if the affirmative defense was not pled.  Id. (citations omitted).  If the affirmative

defense was raised "at a pragmatically sufficient time," and the plaintiff's "ability to respond" was not prejudiced, the affirmative defense is not waived.  Id. at 864 (citing Lucas v. United States, 807 F.2d 414, 418 (5th Cir. 1986)); see also Allied Chem. Corp. v. MacKay, 695 F.2d 854, 855-56 (5th Cir. 1983).  The Third Circuit has held that the district court has discretion to find that an affirmative defense was waived upon consideration of the diligence exercised in asserting the defense and any resulting prejudice to the plaintiff.  Eddy v. Virgin Islands Power & Water Auth., 256 F.3d 204, 209 (3d Cir. 2001) (citations omitted).  Thus, in considering whether the ministerial exception affirmative defense was waived for failure to assert it in the Answer, Judge Savage was afforded discretion and was not bound by any *per se* rule regarding waiver or non-waiver of the defense.

Because Judge Savage had the discretion to rule whether the ministerial exception affirmative defense was waived, the Court finds that Defendant has failed to demonstrate that Judge Savage's prior order was based on a manifest error of law.  Additionally, since Judge Savage's Memorandum Opinion addressed the merits of the ministerial exception affirmative defense and found that, under the facts of the case, the defense was inapplicable, there has been no showing that manifest injustice would result if the Motion for Reconsideration were denied.  Therefore, Defendant has failed to establish the requisite grounds for relief and reconsideration is not warranted.

## B.  MOTION FOR LEAVE TO AMEND THE ANSWER

In the alternative, Defendant has requested leave to amend its Answer.  Def.'s Mem. 6. Federal Rule of Civil Procedure 15(a) states that "leave to amend a pleading 'shall be freely

given when justice so requires.'"  Doltz v. Harris & Assocs., 280 F. Supp. 2d 377, 391 (E.D. Pa.

2003) (quoting Fed. R. Civ. P. 15(a)).  "Leave to amend will be denied . . . where allowing the

amendment would cause undue prejudice to the non-moving party, where the movant exhibits

bad faith or ulterior motives, or where the amendment would be futile."  Capp, Inc. v.

Dickson/Unigage, Inc., 2004 WL 2188100, at *3 (E.D. Pa. Sept. 8, 2004) (citing Foman v. Davis,

371 U.S. 178, 182 (1962); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d

Cir. 1997)).

        The most important factor that can result in denial of leave to amend is "prejudice to the

non-moving party."  Capp, 2004 WL 2188100, at *3 (quoting Lorenz v. CSX Corp., 1 F.3d 1406,

1413 (3d Cir. 1993)).  "As another court in this district has summarized, '[c]ourts have found

undue prejudice to the non-moving party and denied leave to amend where the amendment would

have asserted new claims, where new discovery would have been necessary, where the motion

for leave was filed months after the factual basis of the amendment was discovered by the

moving party, and where the motion for leave was brought after summary judgment motions

were filed.'"  Capp, 2004 WL 2188100, at *3 (quoting Cummings v. City of Phila., 2004 WL

906259, at *4 (E.D. Pa. Apr. 26, 2004)).

        In light of Judge Savage's opinion that an assertion of the ministerial exception

affirmative defense by Defendant was inapplicable to the contested positions, amendment of the

Answer is clearly not warranted.  Further, "[t]he decision whether to grant or deny a motion for

leave to amend is within the sound discretion of the district court."  Doltz, 280 F. Supp. 2d at

391.  Here, leave to amend has been requested after summary judgment has been decided and

approximately 8 months after the ministerial exception affirmative defense was first

communicated in defense counsel's March 11, 2008 letter to Judge Savage.  See Def.'s Mem. 5;
Ex. B (Doc. No. 42-5).  Defendant cannot circumvent Judge Savage's order denying summary
judgment and rejecting its assertion of the ministerial exception affirmative defense by amending
its Answer in such an untimely fashion.  Therefore, Defendant's request for leave to amend its
Answer is denied.

### C. Conclusion

The Court finds that Defendant fails to establish any manifest error of law or that any
manifest injustice will result if its Motion is denied; consequently, its Motion for
Reconsideration on the issue of waiver of the ministerial exception affirmative defense must be
denied.  Further, its Motion to amend the Answer must be denied because a summary judgment
ruling has already been made, more than 8 months have transpired since the ministerial exception
was first discussed in correspondence with the Court, and because amendment of the Answer
would circumvent Judge Savage's order denying summary judgment.  Finally, there is no
justification for amendment of the Answer in light of Judge Savage's opinion that the ministerial
exception affirmative defense is inapplicable to the contested positions.  Therefore, Defendant's
request to amend its Answer is denied.  An appropriate order follows.